UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GURDEV SINGH[1] | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
|         v. | ) | Civil Action No. 15-cv-30026-MGM |
| | ) | |
| CHRISTOPHER J. DONELAN | ) | |
| | ) | |
|     Respondent. | ) | |

### REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FURTHER RECCOMENDATION FOR SUMMARY DISMISSAL
(Document No. 2)

ROBERTSON, U.S.M.J.

On February 12, 2015, petitioner Gurdev Singh, a citizen of India and an immigration detainee currently held at the Franklin County Jail and House of Correction in Greenfield, Massachusetts, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, naming Sheriff Christopher Donelan as respondent. Petitioner represents that he has been in ICE custody since August 25, 2014, and that his order of removal became final on April 29, 2013. He alleges that it unlikely that he will be remove in the reasonably foreseeable future and seeks immediate release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2011). The same day, petitioner filed a Motion for Leave to Proceed In Forma Pauperis, which was referred to this court on February 13, 2015. *See* 28 U.S.C. § 636(b)(1)(B).

For the reasons state below, this court recommends that petitioner's application to proceed without prepaying fees or costs be granted; however, the court further recommends that the petition be dismissed without prejudice.

---

[1] Petitioner's name is listed as "Singh Gurdev" on the court docket. This court recognizes, however, that throughout his submissions, petitioner writes his name as "Singh, Gurdev," indicating his last name is Singh.

1

I. <u>Discussion</u>

    A. <u>Authority to Screen § 2241 Petition</u>

The Rules Governing Section 2254 and 2255 Cases may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. Under Rule 4(b), the court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the court "shall make an order for its summary dismissal." Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appear to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; *Marmol v. Dubois*, 885 F. Supp. 444, 446 (D. Mass. 1994).

    B. <u>Petitioner's Motion to Proceed In Forma Pauperis</u>

A party filing a habeas action in this court must either (1) pay the $5.00 filing fee for habeas corpus acitons; or (2) seek leave to proceed without premapyment of the filign fee. *See* Fee Schedule for the District of Massachusetts ($5.00 fee to file writ of habeas corpus); 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate office of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 1915(a)(2).

Here, petitioner has properly filed the two-page application to proceed without prepaying fees or costs, asserting that he is unable to pay the costs of this proceeding. In support of his

application, he has also submitted his prisoner account statement covering September 16, 2014, through January 22, 2015. Upon the court's review, petitioner is without sufficient funds to pay the filing fee.[2] Accordingly, it is this court's recommendation that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) be granted.

      C. <u>Summary Dismissal – Ripeness of Petitioner's Claim</u>

Petitioner alleges that he was ordered removed on April 29, 2013, when an Immigration Judge denied his voluntary departure application. The removal order became final on October 11, 2013. Petitioner also represents that he was taken into ICE custody on August 25, 2014, and his custody status was first reviewed on November 26, 2014.[3] According to petitioner, (1) his six-month presumptively reasonable removal period ended on April 11, 2014, and (2) as of February 21, 2015, he will have been detained for six months.[4] This action was filed on February 12, 2015.

Section 1231 of Title 8 of the United States Code provides that the Attorney General shall remove individuals who have been ordered removed within ninety (90) days, and that he may detain such individuals during this "removal period." Immigration and Nationality Act ("INA") § 241(a)(1)(2), 8 U.S.C. § 1231(a)(1)(2). This 90-day removal period is triggered on the latest of three dates. INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B). Section 1231 also

---

[2] In making this determination, the court need not conduct the calculations required by 28 U.S.C. § 1915(b)(1). *See Akande v. Crutchfield*, No. 11-12288, 2012 WL 12881,*2 n.3 (D. Mass. Jan. 3, 2012) ("Because [plaintiff] is not a 'prisoner' as defined by 28 U.S.C. § 1915(h)[,] the filing fee obligations pursuant to the Prison Litigation Reform Act do not apply."); *see also Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997) ("PLRA does not apply to habeas petitions."); *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 682-683 (5th Cir. 1997) (immigration detainee not a prisoner within the meaning of 28 U.S.C. § 1915 and not subject to the statute's fee provisions); *LaFontant v. Immigration and Naturalization Service*, 135 F.3d 158, 165 (D.C. Cir. 1998) (same); *West v. Macht*, 986 F. Supp. 1141, 1142-1143 (W.D. Wisc. 1997) (same).

[3] Although the petition does not directly address this point, the court infers that ICE did not gain custody over petitioner until August 25, 2014, because petitioner had previously been in criminal custody.

[4] Petitioner also states that on February 21, 2015, authority over his custody transferred to the ICE Headquarters Post-Order Detention Unit ("HQPDU").

3

provides that if removal is not effected within 90 days, a detainee may be released under the supervision of the Attorney General, but that certain classes of individuals, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. INA § 241(a)(3),(6), 8 U.S.C. § 1231(a)(3),(6).

In *Zadvydas,* the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." *Id.* at 699-700. In other words, "after six months, if an individual provides good reason to believe that there is no significant likelihood of removal [in the reasonably foreseeable future], the detention is presumptively invalid and a bond hearing is required." *Reid v. Donelan*, 991 F. Supp. 2d 275, 278 (D. Mass. 2014) (internal quotation marks omitted)

Here, based on petitioner's representations, the 90-day removal period did not begin until August 25, 2014, when he was taken into ICE custody. *See* INA§ 241(a)(1)(B)(iii), 8 U.S.C. § 1231(a)(1)(B)(iii) (90-day removal period begins on the latest of three dates, including the date an individual is released from criminal custody into the custody of ICE). Therefore, the *Zadvydas* presumptively reasonable six-month removal period had not yet expired when petitioner commenced this action on February 12, 2015. Indeed, the instant petition was filed thirteen days before any possible *Zadvydas* claim became ripe on February 25, 2015.

While the court recognizes that petitioner filed this action only days before the

4

completion of his six months in detention, federal courts generally hold that the six-month post-removal period "must have expired at the time [the detainee's] 2241 petition was filed in order to state a claim under *Zadvydas*." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002); *see, e.g.*, *Karim v. Cabral*, No. 07-10139, 2007 WL 2746797, *2 (D. Mass. Sept. 12, 2007) (holding petitioner's claim of unlawful detention premature since the 180 days had not yet expired). Indeed, "[a] petition filed before the expiration date of the presumptively reasonable six months of detention [prescribed by Zadvydas] is properly dismissed as premature." *Keita v. Sabol*, No. 11-0248, 2011 WL 1375052, *2 (M.D. Pa. Apr. 12, 2011). "It is not enough that the [six-month] period of time expired by the time the petition is ruled on by the court, the *Zadvydas* period must have expired before the petition is filed." *Ba v. Gonzales*, No. 07-307, 2008 WL 2157073, *2 (N.D. Fl. May 19, 2008).

Petitioner had no colorable *Zadvydas* claim when he commenced this action, because he had not been detained for more than six months after being taken into custody by ICE. Therefore, it is this court's recommendation that the petition be dismissed as premature, regardless of whether petitioner may have a viable *Zadvydas* claim at this time.

Moreover, even if this action were not premature, this court still would recommend the petition be dismissed, because petitioner has not adequately shown that "there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. *Zadvydas* does not stand for the proposition that all detainees must be released after six months. Rather, after six months of confinement, the detainee must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Petitioner has not met that burden here. The instant petition fails to include any statement suggesting that he will not be removed in the reasonably foreseeable future or why such removal will not or

cannot occur. Thus, even if this action were not premature, petitioner's *Zadvydas* claim cannot be sustained at this time.

## Conclusion

For the reasons stated, this court recommends that Petitioner's Motion for Leave to Proceed In Forma Pauperis be GRANTED. The court, however, further recommends that his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice to its refiling.[5]

DATED: March 4, 2015 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[5] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.